UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Amerisure Insurance Company, et al.
                                 Plaintiff,

v.                                                                        Case No.: 1:23−cv−16006
                                                                            Honorable John J. Tharp Jr.

Premier Design + Build Group, LLC, et al.
                                 Defendant.

NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, June 5, 2025:

      MINUTE entry before the Honorable Heather K. McShain: The Court has reviewed the parties' joint status report [65], which reports that written discovery relating to the duty to defend is complete except for the interrogatories and requests for production served by defendant Liberty Mutual. When this case was referred to the undersigned in mid−February 2025, the Court advised the parties that they were "expected to proceed with discovery unless they move for and obtain a court−ordered stay of discovery." [57]. Nevertheless, the parties reported in their 04/14/2025 joint status report that they had undertaken essentially no discovery because two of the defendants had filed motions to dismiss. [64]. On 04/16/2025, the Court admonished the parties that they were not free to ignore court orders, including the order that they "must proceed with fact discovery unless they first moved for and obtained a court−authorized stay of discovery." [47]. The Court accordingly ordered the parties to "immediately proceed with written discovery" and file a joint status report by 06/03/2025 to confirm that all written discovery relating to the duty to defend had been completed. [Id.]. Nevertheless, the parties report that Liberty Mutual did not serve its interrogatories and requests for production until 05/29/2025, two business days before the 06/02/2025 deadline to complete written discovery relating to the duty to defend. According to the status report, Liberty Mutual takes the position that "any discovery disputes, including the potential resetting of discovery deadlines, should be addressed by the parties following the Court's ruling on the pending motion to dismiss." [65] 2. But the Court has twice ordered the parties to proceed with fact discovery and twice advised the parties that, if any party wished to stay discovery, that party would need to obtain a court−authorized stay of discovery. Notwithstanding these orders, Liberty Mutual did not move for a stay of discovery or seek an extension of the deadline to complete written discovery on the duty to defend. Accordingly, in the exercise of its extremely broad discretion to manage discovery, see Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013), the Court finds that Liberty Mutual's written discovery requests are untimely (because they were served so late in the relevant discovery period that plaintiffs were denied the 30 days to respond to these requests to which they were entitled under Rules 33(b)(2) and (34)(b)(2)(A)) and orders that plaintiffs need not respond to the interrogatories or requests to produce. Regarding defendant Kinsale's request that the Court set a date to take oral discovery on the duty to defend, the Court notes that the District Judge has already set this date. Judge Tharp adopted the parties'

proposed case−management schedule, see [55], and thus the deadline to take oral discovery is the date originally proposed by the parties: 07/01/2025. Further joint status report due on 07/15/2025 to update the Court on: (a) the progress of discovery; (b) the status of settlement discussions, if any; and (c) any other issues the parties wish to raise with the Court. The parties may contact chambers at any time (by email to Chambers_McShain@ilnd.uscourts.gov) if they would like the Court's assistance with settlement. Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.