# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY, and AMERISURE MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 23 CV 16006 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| PREMIER DESIGN + BUILD GROUP, LLC, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

For the reasons set forth in the Statement below, Starr Indemnity & Liability Insurance Company's and Liberty Mutual Fire Insurance Company's motions to dismiss are granted. The plaintiffs' claims against these defendants regarding the duty to defend are dismissed with prejudice. The claims regarding the duty to indemnify are dismissed without prejudice for lack of subject matter jurisdiction.

## STATEMENT

### I.      Background

The following facts are taken from the plaintiffs' Second Amended Complaint, which the Court assumes are true for purposes of the motions to dismiss. Plaintiffs (collectively "Amerisure") issued commercial general liability ("CGL") and umbrella policies to defendant Premier Design + Build Group, LLC ("Premier"). Second Am. Compl. 17 ¶ 47, ECF No. 20. Both policies gave Amerisure "the right and duty to defend the insured" in certain suits for property damage. *Id.* at 19 ¶ 50; *id.* at 22 ¶ 52.

Premier contracted with defendant MG East, LLC ("MGE") in September 2017 to build three buildings in Miami Gardens, Florida for MGE. *Id.* at 5 ¶ 16. After the buildings were constructed, MGE filed suit against Premier in Illinois state court, seeking recovery for allegedly defective installation of the roof, flashing, and gutters on each of the buildings. *Id.* at 5 ¶ 19. MGE alleges that the flashing was defective and nonconforming to the specifications, causing corrosion in the roof and gutter systems, which had been improperly pitched. *Id.* at 6 ¶ 25; *id.* at 7 ¶ 31.

Premier had subcontracted with defendant Tecta America South Florida, Inc. ("Tecta") to install the flashing.[1] *Id.* at 6 ¶ 24.

Defendants Starr Indemnity & Liability Insurance Company ("Starr") and Liberty Mutual Fire Insurance Company ("Liberty Mutual") both insured Tecta with CGL policies—Starr from March 31, 2017 to March 31, 2020 and Liberty Mutual from March 31, 2020 to March 31, 2023. *Id.* at 8 ¶ 33; *id.* at 11 ¶ 39. Each policy contains provisions permitting Tecta to add others as "additional insured[s]" by written contract with the intended parties.[2] *Id.* at 9–10 ¶¶ 36–37; *id.* at 15–16 ¶¶ 43–44. When Tecta contracted with Premier to complete work on the buildings, it agreed that Premier would be an additional insured on its CGL policy. *Id.* at 27–28 ¶ 65 ("It is agreed that the following are added as Additional Insured on the General Liability and Auto Liability policies with respects to operations performed by the Named Insured in connection with this project: 1.) Premier Design + Build Group, LLC . . . ."). Tecta also agreed that the coverage for Premier under Tecta's policy would be primary and non-contributory. *Id.*

Amerisure provided Premier a defense in MGE's state court suit, but it believes that defense should have been provided by Starr and Liberty Mutual under the policies they issued to Tecta.[3] Amerisure brought this declaratory judgment action to clarify the parties' duties to defend and indemnify Premier.

## II.      Discussion

Starr and Liberty Mutual each moved to dismiss. Because the issues posed by both motions and their briefing are substantially similar, the Court discusses them together. In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the pleaded facts as true and draws all reasonable inferences in Amerisure's favor. *Kilborn v. Amiridis*, 131 F.4th 550, 554 (7th Cir. 2025). The Court does not, however, accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Viewed in this light, a complaint must state a facially plausible claim to relief to overcome the motion to dismiss. *Id.*

---

[1] Tecta then sub-subcontracted with DT Menace Inc., which was insured by Kinsale Insurance Company ("Kinsale"). Second Am. Compl. 17 ¶ 46; *id.* at 24 ¶ 56. Kinsale answered the complaint.

[2] The parties spill substantial ink on the issue of whether Premier is an additional insured on the Tecta policies with Starr and Liberty Mutual. Amerisure's responses claim that neither Starr nor Liberty Mutual "disputes Premier's status as an Additional Insured on its policies." Resp. to Starr 1, ECF No. 59; Resp. to Liberty Mutual 1, ECF No. 60. Both Starr and Liberty Mutual say, however, that they do dispute that Premier is an Additional Insured, though they do not explain the basis of their disagreement on that point. In any event, it is not necessary to resolve that issue in light of the Court's conclusion that Starr and Liberty Mutual have no duty to defend ***anyone***, whether they are additional insureds or not.

[3] Amerisure also alleges that Kinsale must contribute to the defense. As noted above, however, Kinsale answered the complaint and is therefore not relevant to the instant motions.

### III.    Duty to Defend

The central issue in this case is whether Starr and Liberty Mutual have a duty to defend Premier. The insurers say no because their policies do not create a duty for them to defend *anyone*. That's because both companies' policies with Tecta contain what are called Self-Insured Retention Endorsements[4] ("SIRs"). Generally speaking, SIRs are policy amendments that require the insured party to pay a certain amount before insurance kicks in, analogous to a deductible. *See N. Am. Elite Ins. Co. v. Menard, Inc.*, 43 F.4th 691, 692 (7th Cir. 2022).[5]

Starr and Liberty Mutual's respective SIRs replace the main policies' "Bodily Injury And Property Damage Liability" provisions (which state that the insurer has a duty to defend) in their entirety. Starr SIR, Pl.'s Ex. C, at 603 ("Section 1 – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 1. - Insuring Agreement, paragraph a. is deleted in its entirety and replaced with the following"); Liberty Mutual SIR, Pl.'s Ex. D, at 185 ("Paragraph 1.a. of Section I – Coverage A – Bodily Injury and Property Damage Liability is replaced by the following"). Absent the SIRs, both policies provide that the insurers have both the right and duty to defend. Pl.'s Ex. C, at 15, 211, 412; Pl.'s Ex. D, at 23, 165, 341. But each of the SIRs eliminates that duty and expressly confirms that the insurers have no duty to defend "any suit" seeking damages under its policy.

Starr's SIR says in relevant part:

> We will pay on behalf of the Insured those sums in excess of the "Retained Limit" that the Insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. **We will have the right but not the duty to defend any "suit" seeking those damages.** We may at our discretion and expense, participate with you in the investigation of any "occurrence" and the defense or settlement of any claim or "suit" that may result.
>
> **No other obligation or liability to pay sums or perform acts or services is covered** unless explicitly provided for under ALLOCATED LOSS ADJUSTMENT EXPENSES – COVERAGES A AND B.

---

[4] Amerisure calls Liberty Mutual's a Self-Insured Amount Endorsement ("SIA"); for ease, the Court refers to all the relevant endorsements as SIRs.

[5] The Starr Policies, as modified by the SIR endorsement, set forth a per-occurrence Self-Insured Retention, or "Retained Limit," of $750,000. Pl.'s Ex. C, at 185, 380, 605. The Liberty Mutual policies, as modified by the SIR endorsement, set forth a per-occurrence Self-Insured Retention, or "Self-Insured Amount" of $750,000 for the first and third policies, but do not set an amount for the second. Pl.'s Ex. D, at 3, 138, 312. Amerisure argues that the motion should be denied as to the second Liberty Mutual policy because that policy does not contain an SIR. Resp. to Liberty Mutual 11. That is incorrect: although Tecta would not have to pay a self-insured amount under the second Liberty Mutual policy, the policy still contains the SIR endorsement that displaces the duty to defend Pl.'s Ex. D, at 185.

Pl.'s Ex. C, at 183, 378, 603 (emphasis added); Second Am. Compl. 8 ¶ 35.

Liberty Mutual's SIR similarly states:

We will pay those sums in excess of the Self-Insured Amount that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. But:

> (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance;
> (2) **We will not have a duty to defend or investigate any claim or 'suit' seeking damages** to which this insurance may apply[.]

Liberty Mut. Mot. Dismiss Mem. 5, ECF No. 48 (emphasis added).

Interpretation of insurance policy provisions is a question of law. *Acuity v. M/I Homes of Chicago, LLC*, 234 N.E.3d 97, 103 (Ill. 2023).[6] Courts interpret insurance policies using contract interpretation rules, so the primary goal is to "ascertain and give effect to the intention of the parties, as expressed in the policy language." *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1003 (Ill. 2010). Unambiguous language is applied as written. *Id.* Ambiguity, though, requires liberal construction in favor of coverage. *Id.* A provision is ambiguous when it is "susceptible to more than one reasonable interpretation" by the average person. *Id.*

Amerisure argues that the SIRs only apply to Tecta, not to any other insureds (such as Premier), and so they do not relieve either insurer of any duty to defend Premier. Resp. to Starr 8–12, ECF No. 59; Resp. to Liberty Mutual 9–13, ECF No. 60. Both policies define the term "you" as the named insured (Tecta). Resp. to Starr 8, ECF No. 59; Resp. to Liberty Mutual 9, ECF No. 60. Starting with Starr's policy, Amerisure argues that various uses of the term "you" throughout the coverage endorsement demonstrate that the SIR is only applicable to Tecta. Amerisure points out, for example, that the SIR requires "you" (that is, Tecta) to pay up to the retained limit, as well as any Allocated Loss Adjustment Expenses. Resp. to Starr 8–9. The SIR also requires Tecta to provide Starr notice of any suits. *Id.* at 9. The Liberty Mutual SIR similarly requires "you" (Tecta) to pay damages up to the Self-Insured Amount, as well as Allocated Loss Adjustment Expense[s]. Resp. to Liberty Mutual 9. The SIR states that Liberty Mutual will "reimburse the insured for 'allocated loss adjustment expense' paid by the insured." *Id.* Tecta also must notify Liberty Mutual of any suits. *Id.* at 10–11.

Amerisure contends that, looking at the policies as a whole, the SIR provisions cannot reasonably be construed to apply to an additional insured like Premier. But the fact that various provisions of the SIRs expressly refer to the named insured says nothing about the reach of other provisions that are not addressed exclusively to the named insured. To the contrary, that the SIRs

---

[6] The parties agree that Illinois law applies here. Forum state choice of law rules apply, and Illinois requires a choice-of-law determination "only when the moving party has established an actual conflict between state laws." *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 729 (7th Cir. 2014) (quoting *Bridgeview Health Care Ctr., Ltd. v. State Farm Fire & Cas. Co.*, 10 N.E.3d 902, 905 (2014)). Neither movant does so, so Illinois law applies. *Id.*

4

impose obligations on the named insured that are not imposed on other insureds demonstrates that the distinctions are purposeful. In choosing to eliminate any duty to defend in "any suit"—not just suits brought by named insureds—the policies clearly exempt Starr and Liberty Mutual from any duty to defend.

Starr and Liberty Mutual point to *FHP Tectonics Corp. v. American Home Assurance Co.*, 57 N.E.3d 575 (Ill. App. Ct. 2016) in support of their interpretations of the SIRs. The insurance policy at issue in *FHP Tectonics* provided that the insurer would "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" *Id.* at 578. But it also contained an SIR that negated the aforementioned provision, and replaced it with the following:

> We will pay on behalf of the Insured those sums in excess of the "Retained Limit" that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right but not the duty to defend any "suit" seeking those damages.

*Id.* The *FHP Tectonics* policy, like the Starr and Liberty Mutual policies, defined "you" as the named insured, and required the named insured to shoulder part of the financial burden if coverage applied. *Id.* The plaintiff, like Amerisure here, argued that the SIR endorsement therefore applied only to the named insured. *Id.* at 584. The Illinois Appellate Court disagreed, noting that in contrast to the portion of the SIR imposing a burden on the named insured to cover some of the defense costs, the duty to defend portion of the SIR endorsement did not use the words "you" or "your" or in any way limit itself to only the named insured. *Id.*

Another case from the Illinois Appellate Court similarly distinguished between references to "the insured" from references to named insureds in interpreting a policy exclusion. In *James McHugh Construction Co. v. Zurich American Insurance Co.*, 927 N.E.2d 247, 252–53 (Ill. App. Ct. 2010), the Illinois Appellate Court affirmed a judgment on the pleadings, finding that a named insured and additional insured were equally subject to a policy exclusion applicable to "the insured." The court explained its ruling by noting that it was "obvious" that references to "the insured" were broader in scope than references to named insureds:

> There is no language in the policies that would lead one to think "the insured" refers only to the named insured. The term "the insured" is not defined in the policies. However, the introductory section of the commercial general liability form (CGLform) provides that "[t]he word 'insured' means any person or organization qualifying as such under Section II–Who is An Insured." The parties agree "an insured" refers to both the named insureds and any additional insured . . . . Why then should "the insured" be interpreted any differently from "an insured," barring evidence to the contrary? We think the obvious reading of "the insured" is "the insured seeking coverage," which, depending on the circumstances of each particular claim, could be a named insured or an additional insured.

*Id.* at 252.

Amerisure counters with *American National Fire Insurance Co. v. National Union Fire Insurance Co.*, 796 N.E.2d 1133 (Ill. App. Ct. 2003). In that case, the Illinois Appellate Court

found that an SIR applied only to the named insured where the SIR stated "*[y]ou* will continue to be responsible for the payment of the Retention Amount." *Id.* at 1143–44. Amerisure urges the Court to hold similarly here. But the SIR in *American National* also said "[w]e shall have the right but not the duty to participate with **you** at our own expense in the defense or settlement of any claim or suit seeking damages covered under this policy." *Id.* at 1143. As the *FHP Tectonics* court explained:

> In *American National,* the portions of the policy which the court found did not apply to the additional insured explicitly applied only to "you," *i.e.,* the named insured. By contrast, the disputed portion of the SIR endorsement in this case—the portion stating American has a right but not a duty to defend—is not limited to "you."

*FHP Tectonics*, 57 N.E.3d at 585.[7]

The Court agrees with both Starr and Liberty Mutual that they have no duty to defend Premier. Nothing in the Starr policy suggests that "the Insured" is synonymous with "you." The Starr policy is essentially identical to the one in *FHP Tectonics*—despite putting the burden on the named insured to pay the retained limit, the SIR disclaimed any duty to defend "the Insured." *Cf. Centennial Ins. Co. v. Transitall Servs. Inc.*, No. 00 C 1383, 2001 WL 289879, at \*3 (N.D. Ill. Mar. 15, 2001) (holding that policy language creating a *right* to defend is "clearly distinguishable" from creating a *duty* to defend). And the use of "you" elsewhere in the Starr SIR, but not in the clause disclaiming any duty to defend, implies that the clause applies to someone else than just Tecta.

As for Liberty Mutual, the SIR does appear to use "you" and "the insured" interchangeably. The SIR says that "you" are solely responsible for the Allocated Loss Adjustment Expense, but also says that Liberty Mutual will reimburse "the insured" for that expense. Critically, though, the clause stating that Liberty Mutual has no duty to defend is not limited to "you" or "the insured." Instead, it broadly states that Liberty Mutual has no duty to defend "**any** claim or 'suit' seeking damages to which this insurance may apply." Liberty Mut. Mot. Dismiss Mem. 5 (emphasis added). The only reasonable interpretation of that clause is that Liberty Mutual does not have a duty to defend Premier. Moreover, because the SIR replaces the portion of the policy that would otherwise provide the duty to defend and indemnify, reading the SIR to only apply to Tecta would leave the policy silent as to Liberty Mutual's duties to the additional insured, a nonsensical outcome.

Finally, the court agrees with Starr and Liberty Mutual that interpreting "the insured" as it appears in the SIR endorsements as only referring to the named insured, as Amerisure suggests,

---

[7] Amerisure also offers *Stranz v. New York Energy State Research & Dev. Auth.*, 930 N.Y.S. 2d 136 (N.Y. App. Div. 2011) in support of its argument that the SIRs do not apply to Premier as an additional insured. Not only is this case from a different jurisdiction, but it does not support Amerisure's point. *Stranz* touched on the duty of a named insured to an additional insured, not the duties of the insurance company. In fact, the court in *Stranz* explicitly did not answer the question of whether the "SIR [could] be deemed to constitute insurance covering [additional insureds] for any and all liability." *Id.* at 140.

would lead to the unreasonable result that additional insureds would receive more protection under the policy than named insureds. Under Amerisure's reading, the provision disclaiming the duty to defend would not apply to Premier, but would apply to Tecta. *See McHugh*, 927 N.E.2d at 252–53 (rejecting interpretation of the term "the insured" that would provide broader coverage to additional insured than the named insured). That backward result further confirms that the SIRs apply to any insured under the policies and relieves both insurers from a duty to defend any claim or suit based on the Starr and Liberty Mutual policies.

### IV.     Duty to Indemnify

The underlying lawsuit between MGE and Premier has not yet been resolved, so the issue of indemnification is not yet ripe. The Seventh Circuit has cautioned that the proper course of action under these circumstances is to dismiss the claim, not stay it. *Med. Assur. Co. v. Hellman*, 610 F.3d 371 (7th Cir. 2010) ("The district court was aware that the duty-to-indemnify claim was not ripe, but rather than dismiss that aspect of the case, it included it in the stay that was issued. The proper disposition, however, would have been to dismiss."). For this reason, Amerisure's claims against Starr and Liberty Mutual regarding the duty to indemnify are dismissed without prejudice.

Date: July 31, 2026

John J. Tharp, Jr.
United States District Judge